BRUNSWICK GAS LIGHT COMPANY

*vs.*

UNITED GAS, FUEL AND LIGHT COMPANY.

Cumberland.     Opinion March 3, 1896.

*Pleading.   Practice.   Costs.   R. S., c. 82, § 124.*

Where a plaintiff has become nonsuit in an action for covenant broken, the declaration being upon an indenture, or lease, under seal, and afterwards commences another action in assumpsit upon an account annexed for rent, the cause of action is not the same within the meaning of R. S., c. 82, § 124, which provides that where a "second suit has been brought for the same cause before the costs of the former suit are paid, further proceedings shall be stayed until such costs are paid."

There is a material difference in the form of action, the declaration, the plea, the measure of damage, and the form of judgment.

See *Bruns. G. L. Co.* v. *United Gas, &c., Co.* 85 Maine, 532.

ON EXCEPTIONS.

This was an action of assumpsit with an account annexed, for one thousand dollars for rent of plaintiff's gas plant in Brunswick, also a count for use and occupation. The action was commenced June 11th, 1894, entered at the September Term, 1894, of the Superior Court for Cumberland County, and tried by the presiding justice without the intervention of a jury, at the October Term, 1894, subject to exceptions in matters of law.

Before proceeding to trial, the defendant seasonably filed a motion to stay further proceedings until the costs allowed in a previous suit between the same parties, for the same cause of action, as claimed by the defendant, and in which a nonsuit had been entered at the May term, 1894, of said Superior Court, were paid; and that the suit be dismissed unless said costs were paid at such times as the court should appoint, which motion was denied by the presiding justice who then heard the case and rendered a decision in favor of the plaintiff, awarding damages in the sum of nine hundred seventy-two dollars and sixty-two cents.

To the ruling of the presiding justice, denying said motion, the defendant excepted.

*Barrett Potter*, for plaintiff.

There is such a difference between the two causes of action that the law gives its support to one and withholds it from the other. The covenant is void and the breach of it gives the plaintiff no remedy. If this action were for the same cause, we should be equally without remedy now.

The plaintiff relies on cases that merely allow an amendment to correct a defective statement of the plaintiff's case, without changing the form of action. If *Rand* v. *Webber*, 64 Maine, 191, seems to go farther than that, *Dodge* v. *Haskell*, 69 Maine, 434, reconciles the doctrine of *Rand* v. *Webber*, with the other cases, when the court say: "*Rand* v. *Webber*, 64 Maine, 191, has been erroneously supposed to allow an amendment to the extent of allowing the nature of the action to be changed. That case merely allowed a correction of the writ, already improvidently and improperly amended, that such a result might be avoided."

The only cause of action we had was the breach of an implied assumpsit. The damage we suffered by that breach was the vital point that was not put directly in issue and determined in the former action. *Long* v. *Woodman*, 65 Maine, 56.

As the defendant owes the plaintiff more than four times as much as the plaintiff owes the defendant, (the judgment for costs amounting to $229.94,) it would seem, if money is to be paid by one of the parties to the other, as if it should be by the defendant to the plaintiff, thus affirming *Long* v. *Woodman*, supra.

*George W. Heselton*, for defendant.

Object of R. S., c. 82, § 124 : *Morse* v. *Mayberry*, 48 Maine, 161 ; *Smith* v. *Allen*, 79 Maine, 539. It is not the form but the cause of action that is the gist of the statute. Cause of action : *Howell* v. *Young*, 5 B. & C. 259 ; *Bank* v. *R. R. Co.* 10 How. Pr. 1 ; *Borst* v. *Corey*, 15 N. Y. 505 ; *Veeder* v. *Baker*, 83 N. Y. 160.

Whenever the cause of action defectively set forth in a declaration can be distinguished from any other cause of action, then an amendment may be allowed. *Annis* v. *Gilmore*, 47 Maine, 158; *Pullen* v. *Hutchinson*, 25 Maine, 249; *Rand* v. *Webber*, 64 Maine, 191; *Dodge* v. *Haskell*, 69 Maine, 434.

If the ground on which the cause of action could be maintained appeared in the declaration, it is under this provision of the statute, the same cause of action.

The best test of whether the first suit was for the same cause of action would be, could it have been maintained, would it have been a bar to this second suit? One of the elements of damage asked for under the first suit was: "The plaintiff says that after the making of the said indenture, and during the said term hereby granted, to wit, on the fifteenth day of June, A. D., 1890, a large sum of money, to wit, the sum of three hundred and one dollars for rent then due, because it was and still is in arrears and unpaid." Another element was the unpaid taxes. The rental agreed upon in the lease was based largely upon these two elements and the lease by the dicta of the court in *Gas Light Company* v. *United Gas, Fuel and Light Company*, 85 Maine, 541, might be used "as evidence, in nature of an admission, of what is a reasonable rent" and was so used at the second trial.

Then the very elements of the verdict, in the second trial, were included in the first action, and had the agreement not been ultra vires, and void, would have acted as a bar to this second action.

In *Howard* v. *Kimball*, 65 Maine, 330, the court said: "To ascertain whether a former judgment is a bar to present litigation the true criterion is found in the answer to the question: was the same vital point put directly in issue and determined. 8 Am. Jur. 330-335. *Outram* v. *Morewood*, 3 East, 346; 1 Greenl. Ev. §§ 528, 529, 530; *Lord* v. *Chadbourne*, 42 Maine, 429, p. 443."

Sitting: Peters, C. J., Walton, Foster, Haskell, Wiswell, Strout, JJ.

FOSTER, J. The question in this case is, whether the defendant has been twice sued "for the same cause."

Revised Statutes, c. 82, § 124, provides that: "When costs have been allowed against a plaintiff on nonsuit or discontinuance, and a second suit has been brought for the same cause before the costs of the former suit are paid, further proceedings shall be stayed until such costs are paid."

In this case a motion was seasonably filed to stay the proceedings until the costs allowed in a previous suit between the same parties upon nonsuit, should be paid. The motion was overruled, and the case proceeded to trial, and exceptions being taken to the overruling of that motion, the case is before this court.

The present action is assumpsit upon an account annexed for one thousand dollars for rent of plaintiff's gas plant in Brunswick, also a count for use and occupation, both counts being founded upon an implied promise to pay a reasonable sum for rent. The former suit was for covenant broken, and the declaration was upon an indenture, or lease, under seal, made between the plaintiff and defendant. The covenants on the part of the defendant were set out and breaches thereof alleged. The case went to the law court (85 Maine, 532) and a new trial was granted because the lease of the plaintiff of its corporate franchises was ultra vires and void.

It is admitted by counsel that in that suit, among other things, an agreed compensation for use and occupation of the same plant for the same time was claimed.

But the cause of action in that suit, as the record discloses, was for breaches of several covenants contained in the lease.

In the present case, the cause of action is implied assumpsit.

The cause of action was not the same in each. There was a material difference in the form of action, the declaration, the plea, the measure of damages, and the form of judgment.

The forms of action are so dissimilar that they could not be properly joined in the same suit. In an action of covenant, evidence of a parol contract is not admissible. *Phillips, etc. Construction Company* v. *Seymour,* 91 U. S. 647, 654. In

*Long* v. *Woodman*, 65 Maine, 56, it was held that this statute did not apply where the declaration in the former action was in tort and disposed of on demurrer, and the latter action was in assumpsit.

While it is true, as stated in *Smith* v. *Allen*, 79 Maine, 536, that this statute should be interpreted liberally in behalf of defendants, yet in the present case we feel that the cause of action is not the same as that in the former suit, and therefore the statute does not apply.

*Exceptions overruled.*